UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:23-cv-21619-DPG

ALLISON LAM, on behalf of herself
and all others similarly situated,

    Plaintiff(s),
v.

INVESTMENTS 41 LLC d/b/a BLACK MARKET
MIAMI, and ERICK PASSO, individually,

    Defendants.
_____/

### JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT AND REQUEST FOR ORDER OF DISMISSAL WITH PREJUDICE

Plaintiff, ALLISON LAM ("Plaintiff"), and Defendant, INVESTMENTS 41, LLC d/b/a BLACK MARKET MIAMI (Plaintiff and Defendant collectively referred to herein as "the Parties") by and through undersigned counsel, hereby file this Joint Motion for Court Approval of Settlement Agreement and Request for Order of Dismissal with Prejudice, as follows:

**I.    FACTUAL BACKGROUND**

Defendants own and operates a restaurant in Miami, FL *See* D.E. 1. Plaintiff is a former Bartender who was employed by Defendants. *See* D.E. 1. On May 1, 2023, Plaintiff filed her Collective and Class Action Complaint for Damages and Demand for Jury Trial against Defendants (the "Lawsuit"). *See* D.E. 1.

The Lawsuit alleges that Defendants violated the Fair Labor Standards Act ("FLSA") and Florida Minimum Wage Act ("FMWA") because (a) Servers and Bartenders did not receive proper notice the Defendant would claim a tip credit; (b) Servers and Bartenders spent more than twenty percent (20%) of their shift on non-tipped worked; (c) Servers and Bartenders spent more than thirty (30) consecutive minutes performing non-tipped work; (d) Servers and Bartenders were not

1

paid the full minimum wage for their attendance at monthly meetings; and (e) Servers and Bartenders were required to share their tips with management and supervisors. *Id*.

On September 18, 2023, the Parties attended a mediation with the respected mediator Dana M. Gallup, Esq. [D.E. 25]. After a full day mediation, the Lawsuit resolved [D.E. 26].

Given the bona fide factual and legal disputes that exist the Parties have now commemorated their resolution into a settlement agreement ("the Agreement") through counsel and have reached an accord on all material terms. *See* **Exhibit "A"**. The Agreement was negotiated at the Mediation and in subsequent discussion between Counsel thereafter. Under the Agreement, Plaintiff will receive the entirety of the contested wages and liquidated damages currently claimed to be owed. *See* Plaintiff's Statement of Claim [D.E. 10]. The settlement reached in this case provides Plaintiff with fair and reasonable compensation for her FLSA and FMWA claims. Counsel for the Plaintiff is also being compensated reasonable attorney's fees separate and apart from amounts paid to Plaintiffs. *See* **Exhibit "A"; Exhibit "B"**. Given the contentious nature of this dispute, a significant amount of time was incurred by Plaintiff's counsel in litigating this case. A full accounting of the reasonable hourly rates and hours billed has been provided to the Court for review. Notably, Plaintiff's counsel is receiving a reduced amount of attorney's fees and costs than what was actually incurred in the successful litigation of these claims. Accordingly, the Parties respectfully request that this Honorable Court grant their Joint Motion for Court Approval of Settlement Agreement and Request for Order of Dismissal with Prejudice.

### II. **SUMMARY OF THE SETTLEMENT TERMS**

The Parties have submitted the fully executed Settlement Agreement and Release. Plaintiff's counsel has also submitted declarations outlining their experience along with the full lodestars for all time-keepers in this case for review. In exchange for a full and final release

(conditioned on Court approval of the Agreement), Defendant has agreed to pay a total settlement amount of Twenty-Seven Thousand Five Hundred Dollars ($27,500.00). *See* **Ex. A; Ex. B.**

The Parties separately negotiated fair and reasonable attorney's fees based on the amount of time expended and the complexity of the litigation. *See* **Ex. A**. While sizeable, the fees and costs do not impact the claims and were negotiated without regard to the amounts paid to Plaintiff. In addition, Plaintiff's counsel voluntarily reduced their attorneys' fees to assist with reaching a fair and amicable resolution. The Parties agree that the attorney's fees and costs are a fair and reasonable amount and were necessary for the prosecution of this action particularly in light of the extensive litigation that occurred on these highly fact-specific claims. Plaintiff's lead counsel, Jordan Richards, Esq. billed a reasonable hourly rate of $395.00 per hour. *See* **Ex. B**. Associate attorney Jake Blumstein billed a reasonable hourly rate of $275.00 per hour. *Id.* Attorney Michael Miller billed a reasonable hourly rate of $395.00 per hour. *Id.* Law Clerks working on this case billed a reasonable hourly rate of $150.00 per hour. *Id.* Defendant does not oppose Plaintiff's Counsel's recovery of fees or expenses and do not object to the reasonableness of Plaintiff's fees and costs or that they were necessary for the successful prosecution of this action.

### III.     **MEMORANDUM OF LAW**

Unlike many other legal claims, parties may not bargain away the FLSA's protections. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 708 (1945) ("[T]he same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power prohibits these same employees from bargaining with their employer in determining whether so little damage was suffered that waiver of liquidated damages is called for"). There are only two ways in which FLSA claims can be settled or compromised by employees. *See, e.g., Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1352 (11th Cir. 1982). First, under section 216(c), the

Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. *Id.* at 1353. The only other route for compromise of FLSA claims is provided in the context of lawsuits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. *Id.*

The district court may dismiss an FLSA case after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc.*, 679 F.2d at 1353-55; *see also Pharr v. Highway Specialties, Inc.*, 2019 WL 131162853, at *1 (N.D. Fla. May 13, 2019); *see also Perez v. PJ'S Land Clearing & Excavating, Inc.*, 2012 WL 1290332 at *1 (S.D. Fla. Nov. 20, 2012) (recommending approval of FLSA Settlement Agreement upon finding that the settlement was a fair and reasonable resolution of a bona fide dispute over FLSA provisions). If a settlement in an FLSA dispute reflects a reasonable compromise over issues that are actually in dispute, such as FLSA coverage, exemption or computation of back wages, the District Court is permitted to review and approve the settlement in order to promote the policy of encouraging settlement of litigation. *See Lynn's Food Stores, Inc.,* 679 F.2d at 1353.

Here, the Parties respectfully submit that the resolution of the FLSA claims is fair and reasonable. Without admitting any liability as to the alleged wage violations, Defendant has agreed to pay Plaintiff an amount disclosed in the Settlement Agreement and Release. *See* **Ex. A.** Pursuant to the Settlement Agreement, Plaintiff is receiving above her full amount of claimed liquidated and unliquidated damages. In order to avoid the uncertainties inherent in litigation, the Parties negotiated a settlement through counsel that is satisfactory to all Parties. *See Davidson v. Golden Bay Towers, Inc.*, 2018 WL 7636333 at *1 (S.D. Fla. Dec. 17, 2018) (approving FLSA settlement agreement when the Parties were represented by counsel and there were contested issues of

4

liability). These hotly contested issues would have been heavily litigated and legal fees and expenses would have been incurred by all Parties.

The undersigned counsel, who are experienced in wage and hour litigation, view the reached-upon settlement as a fair and reasonable outcome for the Parties. Plaintiff is being paid all of the wages and liquidated damages she alleges are owed. In addition, the attorney's fees and costs payable to Plaintiff's counsel do not create any conflict with the resolution of the FLSA claims or otherwise raise any issues contemplated by the Eleventh Circuit in *Lynn's Food Stores, Inc.*, 679 F.2d at 1353. Therefore, the Settlement Agreement represents a fair and reasonable resolution of this matter in light of the various contested issues.

IV. **CONCLUSION**

**WHEREFORE**, for the reasons set forth herein, the Parties respectfully submit that the terms set forth with the Settlement Agreement constitute a fair and reasonable resolution of their dispute concerning FLSA and FMWA wages, and request that this Honorable Court approve the Settlement Agreement, enter an Order dismissing all claims with prejudice, and retain jurisdiction over enforcement of the Settlement Agreement for one hundred twenty (120) days.

**Dated this 18 day of October 2023.**

| | |
|---|---|
| **USA EMPLOYMENT LAWYERS –** <br> **JORDAN RICHARDS PLLC** <br> 1800 SE 10th Ave, Suite 205 <br> Fort Lauderdale, Florida 33316 <br> (954) 871-0050 <br> *Counsel for Plaintiff* <br><br> By: */s/ Michael V. Miller* <br> JORDAN RICHARDS, ESQUIRE <br> Florida Bar No. 108372 <br> MICHAEL V. MILLER, ESQUIRE <br> Florida Bar No. 0064005 <br> jordan@jordanrichardspllc.com <br> michael@usaemploymentlawyers.com | **BEHARBEHAR** <br> 490 Sawgrass Corporate Parkway <br> Ste. 300 <br> Sunrise, FL 33325 <br> Tel: (954) 990-8639 <br> *Counsel for Defendants* <br><br> By: */s/ Aaron Behar* <br> AARON BEHAR, ESQUIRE <br> Florida Bar No. 166286 <br> ab@beharbehar.com |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on October 18, 2023.

By: */s/ Michael V. Miller*
MICHAEL V. MILLER, ESQUIRE
Florida Bar No. 0064005

## SERVICE LIST

**AARON BEHAR, ESQ.**
**MICHAEL HARPER, ESQ.**
Florida Bar No. 166286
ab@beharbehar.com
BeharBehar
490 Sawgrass Corporate Parkway
Ste. 300
Sunrise, FL 33325
Tel: (954) 990-8639
*Counsel for Defendants*