**SETTLEMENT AGREEMENT AND GENERAL RELEASE**

This Settlement Agreement and General Release (the "Agreement") is entered into by and between **Allison Lam** ("Plaintiff") and Investments 41, LLC d/b/a Black Market Miami and Erick Passo (referred to throughout this Agreement collectively as "Defendants") The term "Party" or "Parties" as used herein shall refer to Plaintiff and Defendants collectively.

1. **Recitals.**

This Agreement is made with reference to the following facts:

(a) Plaintiff was formerly employed by Defendants**;**

(b) On or about May 1, 2023, Plaintiff brought an action against Defendants, which is pending as *Allison Lam v. Investments 41, LLC d/b/a Black Market Miami and Erick Passo* S.D. Fla. Case No.: 1:23-cv-21619-DPG (the "Lawsuit") In the Lawsuit, Plaintiff asserts violations of the Fair Labor Standards Act and the Florida Minimum Wage Act

(c) There has been no determination on the merits of the Lawsuit but, in order to avoid additional cost and the uncertainty of litigation, Plaintiff and Defendants have agreed, subject to the provisions in Paragraph 5 below, to resolve any and all claims arising from their employment relationship, known and unknown, asserted and unasserted, which Plaintiff has or may have against Defendants and/or Defendants' direct and indirect past, present, and future parent corporation, affiliates, subsidiaries, partners, divisions, predecessors, insurers, reinsurers, professional employment organizations, representatives, successors, and assigns, and their current and former employees, attorneys, officers, owners, members, managers, directors, and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries, both individually and in their business capacities (collectively referred to throughout the remainder of this Agreement as "Releasees") as of the date of the Court's entry of an Order approving this Agreement.

2. **Consideration/Indemnification for Tax Consequences and Liens.**

(a) In consideration for Plaintiff signing this Agreement, and complying with its terms, Defendants agree to pay the total gross sum of SEVEN THOUSAND FIVE HUNDRED DOLLARS AND ZERO CENTS ($7,500.00) (the "Settlement Payment"), to be paid as follows:

(1) One payment for alleged lost back pay and/or front pay and wages by check made payable to "Allison Lam" in the amount of THREE THOUSAND SEVEN HUNDRED AND FIFTY DOLLARS AND ZERO CENTS ($3,750.00), less applicable payroll/tax withholdings, for which Defendants shall issue an IRS Form W-2 to Plaintiff;

(2) One payment for liquidated and/or other non-wage damages by check made payable to "Allison Lam" in the amount of THREE THOUSAND SEVEN HUNDRED AND FIFTY DOLLARS AND ZERO CENTS ($3,750.00), for which Defendants shall issue an IRS Form 1099-MISC to Plaintiff;

        (3)    One payment for alleged attorneys' fees and costs by check made payable to "Jordan Richards PLLC" ("Plaintiff's Counsel") in the amount of TWENTY THOUSAND DOLLARS AND ZERO CENTS ($20,000.00), for which an IRS Form 1099-MISC shall be issued to each of Plaintiff and Plaintiff's Counsel;

        (b)   Plaintiff understands and agrees Defendants are providing Plaintiff with no representations regarding tax obligations or consequences that may arise from this Agreement. Plaintiff, for Plaintiff and Plaintiff's dependents, successors, assigns, heirs, executors, and administrators (and Plaintiff's legal representatives of every kind), agrees to indemnify and hold the Releasees harmless for the amount of any taxes, penalties, or interest that may be assessed by any governmental tax authority against any of the Releasees in connection with such governmental authority's determination that Defendants or any of the other Releasees was required to, but failed to, withhold or report the correct amount of income or employment taxes from the payments made to Plaintiff or Plaintiff's Counsel pursuant to Paragraph 2(a) of this Agreement.

        (c)   Any settlement payments made by check set forth in this paragraph will be delivered to Plaintiff's Counsel at 1800 Southeast 10th Ave. Suite 205 Fort Lauderdale, Florida 33316.

    **3.**    **<u>No Consideration Absent Execution of this Agreement.</u>**

Plaintiff understands and agrees that Plaintiff would not receive the monies and/or benefits specified in Paragraph 2(a) above, except for Plaintiff's timely execution of this Agreement and the fulfillment of the promises contained herein.

    **4.**    **<u>Disbursal of Settlement Funds/Dismissal of Action.</u>**

        (a)   The settlement payments described in Paragraph 2(a) will be sent within five (5) business days of the Court approval of this Agreement or on or before November 2, 2023, whichever is later.

        (b)   Should Defendants fail to make any of the settlement payments in Section 2 as described above, or should any of the checks be returned for non-sufficient funds or any other reason, Plaintiff's counsel shall give written notice via e-mail to Defendants' Counsel, Michael Harper Esq., at mh@beharbehar.com and Aaron Behar, Esq. at ab@beharbehar.com. If Employers fail to cure said payment breach within ten (10) days of receiving written notification via e-mail, then Plaintiff shall be entitled to obtain a default final judgment against Defendants for all amounts due and owing under this Agreement, minus all payments made and all reasonable attorney's fees and costs incurred in having to seek a default judgment.

    **5.**    **<u>Claimant's Release of Claims.</u>** Plaintiff and Plaintiff's heirs, executors, administrators, successors, and assigns knowingly and voluntarily release and forever discharge Releasees, of and from all claims arising from his employment relationship with Releasees, known and unknown, asserted or unasserted, which Plaintiff has or may have against Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violation of the following, as amended:

- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA");
- The Internal Revenue Code of 1986;
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act;
- The Equal Pay Act;
- The Genetic Information Nondiscrimination Act of 2008;
- The Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA");
- Families First Coronavirus Response Act;
- Florida Civil Rights Act, Fla. Stat. §760.01 et seq.;
- Florida Whistleblower Act, Fla. Stat. §448.101 et seq.;
- Florida Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers' Compensation Claim, Fla. Stat. §440.205;
- Florida Wage Discrimination Law, Fla. Stat. §448.07;
- Florida Equal Pay Law, Fla. Stat. §725.07;
- Florida AIDS Act, Fla. Stat. §760.50;
- Florida Discrimination on the Basis of Sickle Cell Trait Law, Fla. Stat. §448.075 et seq.;
- Florida Wage Payment and Minimum Wage Statutes, Fla. Stat. §§ 448.01-448.08;
- Florida's Domestic Violence Leave Law, Fla. Stat. § 741.313;
- Florida's Preservation and Protection of the Right to Keep and Bear Arms in Motor Vehicles Act of 2008, Fla. Stat. § 790.251;
- Florida Statute Against Retaliation for Testifying In Judicial Proceedings, Fla. Stat. § 92.57;
- any other federal, state or local law, rule, regulation, or ordinance;
- any public policy, contract, tort, or common law; or
- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

(a) **Claims Not Released.** Claimant is not waiving any rights Claimant may have to: (i) BVN 16, LLC and Erick Passo in the case Villagra, et. al. v. BVN 16, LLC d/b/a Black Market Bayside S.D. Fla. Case No. 23-21620-CIV-ALTONAGA/Damian. (ii) Plaintiff's own vested or accrued employee benefits under Investment 41, LLC's qualified retirement benefit plans as of the Separation Date; (iii) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (iv) pursue claims which by law cannot be waived by signing this Agreement; or (iv) enforce this Agreement.

(b) **Governmental Agencies.** Nothing in this Agreement prohibits, prevents, or otherwise limits Plaintiff from filing a charge or complaint with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency (*e.g.*, EEOC, NLRB, SEC) or in any legislative or judicial proceeding nor does anything in this Agreement preclude, prohibit or otherwise limit, in any way, Plaintiff's rights and abilities to

3

contact, communicate with or report unlawful conduct to federal, state, or local officials for investigation or participate in any whistleblower program administered by any such agencies. However, to the maximum extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

(c) **Defendants' Release of Claims.** Defendants knowingly and voluntarily releases and forever discharges Plaintiff, of and from all claims arising from his employment relationship with Defendants, known and unknown, asserted or unasserted, which Defendants have or may have against Plaintiff as of the date of execution of this Agreement.

6. **Non-Disparagement and Non-Solicitation**

The Parties agree to refrain from making false statements that are disparaging, demeaning, or defamatory about each other, including but not limited to communications on social media websites such as Facebook, Twitter, LinkedIn, or Glassdoor on blogs, by text or email or other electronic means. This provision does not prohibit the Parties from making truthful statements about the terms or conditions of Plaintiff's employment, or from exercising Plaintiff's rights under the National Labor Relations Act, government whistleblower programs, or whistleblowing statutes or regulations. Plaintiff agrees to not solicit any current or former employees of Investments 41, LLC to join any lawsuit or file any lawsuit.

7. **Governing Law and Interpretation**.

This Agreement shall be governed and conformed in accordance with the laws of Florida without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either Party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. Should a court declare or find the Plaintiff's release in this Agreement to be unenforceable for any reason, Plaintiff agrees to sign a replacement release.

8. **Prevailing Party Attorney's Fees.** In an action to enforce any term or terms of this Settlement Agreement or to seek damages for breach of this Settlement Agreement, the prevailing party in that action shall be entitled to recover reasonable attorney's fees.

9. **Nonadmission of Wrongdoing.**

The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

4

10. **Amendment.**

This Agreement may not be modified, altered, or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

11. **Entire Agreement.**

This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges that Plaintiff has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with Plaintiff's decision to accept this Agreement, except for those set forth in this Agreement.

12. **Counterparts and Signatures.**

This Agreement may be signed in counterparts, each of which shall be deemed an original, but all of which, taken together shall constitute the same instrument. A signature made on a faxed or electronically mailed copy of the Agreement or a signature transmitted by facsimile or electronic mail, or which is made electronically, will have the same effect as the original signature.

13. **Mutual Negotiation.**

This Agreement was the result of negotiations between the Parties and their respective counsel. In the event of vagueness, ambiguity, or uncertainty, this Agreement shall not be construed against the Party preparing it, but shall be construed as if both Parties prepared it jointly.

**PLAINTIFF ACKNOWLEDGES THAT PLAINITFF HAS HAD A REASONABLE PERIOD OF TIME TO CONSIDER THIS AGREEMENT. PLAINTIFF FURTHER ACKNOWLEDGES THAT PLAINTIFF HAS BEEN ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT AND HAS IN FACT OBTAINED LEGAL REPRESENTATION ABOUT THE DECISION TO ENTER INTO THIS AGREEMENT BY CLAIMANT'S COUNSEL JORDAN RICHARDS PLLC, AND SO DOING, ENTERS INTO THIS AGREEMENT.**

**PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL CONSIDERATION PERIOD.**

**PLAINITFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS CLAIMANT HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

**ALLISON LAM**

By: _Allison Lam (Oct 17, 2023 20:17 EDT)_

Print Name: Allison Lam

Date: 17/10/2023

**INVESTMENTS 41, LLC**

By: _[signature]_

Print Name: Erick Passo
Title: Owner

Date: 10/16/2023

**ERICK PASSO**

By: _[signature]_

Print Name: Erick Passo

Date: 10/16/2023